Ludeling, C. J.
The plaintiff injoiued the defendant from selling his property, seized under act No. 47 of 1873, to pay licenses due by him as a retail merchant and a retail dealer in spirituous liquors.
There was judgment in favor of the defendant, and against the plaintiff, dissolving the injunction with damages, and the plaintiff has appealed.
From the record it appears that R. K. Anderson was discharging the duties of the office of tax collector in and for the parish of Carroll and State of Louisiana, under a commission issued in due form, in 1873; that having demanded payment of the licenses due by W. L. MeMillen as a retail merchant and retail dealer in spirituous liquors, he, in a letter to Anderson, refused to pay them to B. K. Anderson, on the grounds that the said Anderson was not legally authorized to collect them, as, he alleged, Governor Kellogg had no authority to appoint tax collectors, being himself a usurper; and he threatened Anderson with a suit for damages, if he trespassed upon his property by attempting to seize it. It further appears that the tax collector after-wards called upon the agent of W. L. MeMillen to point out property, who first refused and offered to make resistance to the officer, but after-wards he did point out property, which the collector seized and he appointed a keeper thereof. On the next day, the said agent of McMillen, with others aiding him, drove said keepers from the premises, and he then barricaded the windows and locked the doors. Whereupon the tax collector returned, and used force to effect an entrance into the building and again made a seizure of property to satisfy the taxes due by said MeMillen. It is urged that the action of the officer was harsh and oppressive, and in violation of article 9 of the constitution. We have failed to di***--* wherein the constitution has been violated by the defendant or the iaw of the State, under which he was acting. The only violator of law, in these proceedings, appears to have been the plaintiff or his agent, in resisting, by force, an officer in the discharge of his official duties.
The plaintiff further objects, that the defendant is attempting to take plaintiff’s property without due process of law.
Although “ due process of law ” generally implies and includes regular allegations, opportunity to answer and a trial according to some settled course of judicial proceeding, yet this is not universally true. It does not apply to proceedings to collect the public revenue. 11 Mich. 139; 18 How. 272 ; 2 Yerg. 260, 599 ; 4 Hill 146. The revenue bill fixes the amounts of the license taxes due by retail merchants and retailers of spirituous liquors, and the act No. 47, of 1873, provides the manner in which taxes and licenses shall be collected from delinquent parties. This is sufficient. It is the mode provided by the leg *20 islator for enforcing a right of the sovereign and is due process of law.
On the trial, bills of exceptions were taken to the rulings of the district judge refusing to receive testimony in regard to the election of Governor Kellogg, etc., on the grounds, that the right of an officer to a position which he holds can not be inquired into or his action be declared null, in a suit between third parties.
The ruling is corect, being in accord with the well settled jurisprudence of this State. 13 An. 403; 22 An. 33; 25 An. 263, 267.
The appeal is frivolous. It is therefore ordered and adjudged that the judgment appealed from be affirmed, and costs of appeal.